UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JAMES G. HANSEN
N1249 State Highway M35
Menominee, Michigan 49858

    Plaintiff,

v.

Case No:

FINCANTIERI MARINE GROUP, LLC
3301 South Packerland Drive
De Pere, Wisconsin 54115

**JURY TRIAL DEMANDED**

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, James G. Hansen, by his counsel, HEINS LAW OFFICE LLC, by Attorneys Janet L. Heins, James A. Walcheske, Scott S. Luzi, and Erica N. Reib, as and for a claim against the Defendant, and alleges and shows to the court as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Family & Medical Leave Act ("FMLA").

2. The unlawful employment practices giving rise to the Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia*.

3. Plaintiff, James Hansen, is an adult male resident of the State of Michigan residing in Menominee County with a post office address of N1249 State Highway M35, Menominee, Michigan 49838.

4. Defendant, Fincantieri Marine Group, LLC, was, at all times material herein, a naval

architecture and marine engineering limited liability company with a principal office address of 3301 South Packerland Drive, De Pere, Wisconsin 54115.

5. Defendant hired me on November 15, 1999; I became a Journeyman Shipbuilder.

6. Defendant is a covered employer for purposes of the FMLA.

7. During my employment, I was not a "key employee" under the FMLA.

8. At all times material herein, Defendant employed at least 50 employees within 75 miles of my work site.

9. At the time of my FMLA leave requests, I had been employed for 12 months and had worked at least 1250 hours during the prior 12 months.

10. I did not exceed the amount of FMLA leave for any FMLA leave period.

11. Employee absences, including FMLA absences, were administered for Defendant and monitored by a third party, Matrix Absence Management, Inc. ("Matrix").

12. I requested and was granted FMLA leave on or about January 1, 2009 for my own serious health condition, depression.

13. I requested and was granted permission to take intermittent FMLA leave if necessary for the period of October 1-19, 2010 for my own serious health condition, depression.

14. I informed Matrix that my absences on October 18-19, 2010, related to my own serious health condition, should be designated as FMLA leave.

15. Defendant gave me an Absent Full Occurrence for October 18, 2010.

16. Defendant gave me an Absent Half Occurrence for October 19, 2010.

17. I was granted permission to take intermittent FMLA leave from approximately May 3, 2011 through December 31, 2011 for my own serious health condition.

18. On or about May 11, 2011, my physician, Dr. Michael J. Post, sent Defendant a

2

that I would need follow-up appointments and that episodic flare-ups would periodically prevent me from performing my job functions. Dr. Post estimated that this periodic need for leave would happen four times over the next six months and that the approximate duration of each flare-up would be two to five days per episode.

19. On or about July 6, 2011, Matrix faxed Dr. "Hansen," [sic] requesting information about "Steven's" [sic] July 1, 2011 absence being out of his FMLA certified frequency and duration.

20. Once Dr. Post discerned that this fax was meant for him and related to me, Dr. Post sent a letter to Yvonne Rangl and Tammy Hansen at Defendant on or about July 26, 2011, stating:

> There was a lot of confusion due to the inaccuracy of this form. First of all, it referred to Steven's absence, not James Hansen's absence of July 7, being outside of his frequency and duration. Second of all, it was addressed to Dr. Hansen and not to me. My FMLA diagnosis for James remains the same as signs and symptoms of depression including anhedonia, mood disturbance and inability to concentrate. Part 6 regarding the beginning and ending date for his incapacity starting on May 3 through 7 of 2011, I am increasing to cover the entire year of 2011 until December 31. In regards to question number 7, he will continue to need followup treatment as we determined in accordance with his clinical course. With further insight into his clinical course, I am amending question 8's answer to increasing the frequency to once a month for a duration of 2-5 days per episode.

21. I took FMLA leave on approximately the following dates: May 3-6, 2011; May 9, 2011; May 23, 2011; May 31 to June 1, 2011; June 13-15, 2011; June 22, 2011; June 27, 2011; July 1, 2011; July 11-13, 2011; and July 18, 2011.

22. Defendant denied my requests for FMLA leave for July 1, 2011, July 11-13, 2011, and July 18, 2011, alleging that I had exceeded the frequency and duration of my FMLA leave as estimated by my doctor.

23. Defendant deemed my absences on or about July 1, 11-13, and 18, 2011 occurrences, putting me at 13 occurrences, over Defendant's 10 occurrence termination threshold.

3

24. Defendant terminated me on or about July 22, 2011 for allegedly incurring thirteen occurrences.

25. At the time of my termination, I told Defendant that my absences on or about July 1, 11, 12, 13, and 18 should be deemed FMLA leave, not occurrences. I offered to provide additional paperwork, but Defendant did not respond or otherwise request further medical information.

26. Attorney Holly Lutz sent a letter on my behalf dated August 5, 2011, requesting that I be allowed to return to work and offering appropriate paperwork. Defendant did not respond.

## FIRST CLAIM FOR RELIEF — FMLA RETALIATION

27. Plaintiff realleges and incorporates paragraphs 1- 27 of this complaint by reference.

28. Defendant intentionally retaliated against Plaintiff in the terms and conditions of his employment and by terminating him for exercising his rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq.

29. As a result of Defendant's intentional violation of the FMLA, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance.

## SECOND CLAIM FOR RELIEF — FMLA INTERFERENCE

30. Plaintiff realleges and incorporates paragraphs 1- 30 of this complaint by reference.

31. Defendant intentionally interfered with Plaintiff's rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq.

32. As a result of Defendant's intentional violation of the FMLA, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that the acts, policies, practices and procedures of Defendant violated Plaintiff's rights under the Family and Medical Leave Act 29

4

U.S.C.A § 2601 et seq.;

2. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

3. Grant to Plaintiff his attorney fees, costs and disbursements as provided by 29 U.S.C. § 2617(a)(3), and by all other applicable statutes and provisions; and

4. Grant to Plaintiff whatever other relief this Court deems just and equitable.

PLAINTIFF DEMANDS A FULL JURY AS TO ALL TRIABLE ISSUES.

Dated this 28 day of ~~September~~ December, 2011.

_____
James G. Hansen

Subscribed and sworn to before me
this __28th__ day of ~~September~~ December, 2011.

_____
Nathan Schmiege
Notary Public, State of Michigan
My commission ~~is permanent.~~ expires 14 March 2013

**NATHAN SCHMIEGE**
Notary Public, State of Michigan, County of Menominee
Acting in the County of Menominee
My Commission Expires March 14, 2013

HEINS LAW OFFICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 fax
email: jheins@bizwi.rr.com
jwalcheske@bizwi.rr.com

HEINS LAW OFFICE LLC
Counsel for the Plaintiff

By: _Erica N. Reib_____
Janet L. Heins, State Bar No. 10000677
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Erica N. Reib, State Bar No. 1084760

5

sluzi@bizwi.rr.com
ereib@bizwi.rr.com