UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

JAMES G. HANSEN,

    Plaintiff,

  vs.                            Case No: 12-CV-00032

FINCANTIERI MARINE GROUP, LLC,
and MARINETTE MARINE CORPORATION,

    Defendants.

---

## PLAINTIFF'S PROPOSED FINDINGS OF FACT

---

    1.    The Plaintiff is an adult resident of the State of Michigan, with a post office address of 918 6th Avenue, Menominee, Michigan 49838. [Deposition of James G. Hansen taken on November 30, 2012 ("Hansen Dep.") attached to the Declaration of James G. Hansen dated February 11, 2013 ("Hansen Dec.") as Ex. A, p. 5, lines 10-11].

    2.    Defendant Marinette Marine Corporation ("Defendant MMC" or "MMC") was, at all times material herein, a Wisconsin corporation with a principal address of 1600 Ely Street, Marinette, WI 54143. [Second Amended Complaint ("Second Amended Compl.") ¶ 5; Answer to Second Amended Complaint, "Answer to Second Amended Compl." ¶ 5].

    3.    Defendant Fincantieri Marine Group, LLC ("Defendant Fincantieri" or "Fincantieri" was, at all times material herein, a Nevada limited liability company, doing business in interstate commerce, with a principal address of 3301 South Packerland Drive, De Pere, WI 54115. [Second Amended Compl. ¶ 4; Answer to Second Amended Compl. ¶ 4; Defendant Fincantieri Marine Group, LLC's Certificate of Interest, ¶1].

4. Defendant MMC's attendance policy stated that, if an employee accumulated four occurrences, the employee received a warning; at six occurrences, the employee received a second warning; at nine occurrences, the employee received a third warning and suspension; and at ten occurrences, the employee was terminated. [Hansen Dep., pg. 17, lines 4-16].

5. Employees of Defendants who violated the attendance policy could receive warnings in lieu of suspension. [*See* Hansen Dec., Ex C, p. 7].

6. Some employees of Defendants who incurred more than ten attendance points were not immediately terminated. [Hansen Dec., Ex. C, Bates MMC000177; Hansen Dep. p. 28, lines 4-10].

7. Tami Hansen, Defendant MMC's HR Director, informed Plaintiff, in or about late 2010, that he should use all available points and vacation days prior to using FMLA leave. [Hansen Dep., p. 25, line 12 - p. 26, line 3].

8. Prior to May 3, 2011, Plaintiff had been employed by Defendant MMC for 12 months and had worked at least 1250 hours during the prior 12 months. [Hansen Dec., Ex. C, p. 9].

9. Plaintiff was deemed eligible for intermittent FMLA leave from May 3, 2011 through December 31, 2011 for his own serious health condition, depression. [Second Amended Compl. ¶ 19; Answer to Second Amended Compl. ¶ 19].

10. On or about May 4, 2011, Defendants sent Plaintiff a letter stating, in part, "Your eligibility has been reviewed and you are eligible for the following entitlement(s): **Family and Medical Leave Act** - 12 Weeks starting availability **WI Family Leave (Personal)** - 2 Weeks starting availability." [Hansen Dep., see Ex. 1, p. 001007-09].

11.     On or about May 11, 2011, Plaintiff's Physician, Dr. Michael J. Post, sent Defendants a completed Certification of Health Care Provider for Employee's Serious Health Condition, stating that Plaintiff would need follow-up appointments and that episodic flare-ups would periodically prevent him from performing his job functions and that it would be medically necessary for Plaintiff to be absent from work during the flare-ups to correct the underlying illness. Dr. Post estimated that this periodic need for leave would happen four times during the next six months and that the approximate duration of each flare-up would be two to five days per episode. [Second Amended Compl. ¶ 20; Answer to Second Amended Compl. ¶ 20; Hansen Dep., see Ex. 1, pp. 001010-11].

12.     Defendants' FMLA is administered by Matrix, which sends notices and/or paperwork to employees, receives medical certifications/documentation from employees, and tracks FMLA leave eligibility of and usage by employees. [Hansen Dec., Ex. C, p. 5, Bates MMC 000001].

13.     Matrix did not have the authority to terminate Plaintiff. [Hansen Dec., Ex. B., p 6; Ex. C, p. 9].

14.     Plaintiff requested intermittent FMLA leave for the following dates: May 3-6, 2011; May 9, 2011; May 23, 2011; May 31 to June 1, 2011; June 13-15, 2011; June 22, 2011; June 27, 2011; July 1, 2011; July 11-13, 2011; and July 18, 2011, a total of 18 days. [Second Amended Compl. ¶ 23; Answer to Second Amended Compl. ¶ 23].

15.     As of May 12, 2011 at 1:08 PM, Plaintiff had FMLA Pending for May 3-6, 2011, and May 9, 2011. [Hansen Dep., Ex. 1, pp. 001012-14].

3

16.     As of May 12, 2011 at 1:08 PM, Plaintiff had been given Full Occurrences for May 3-6, 2011 and May 9, 2011, putting him at 14.50 Occurrences. [Hansen Dep., Ex. 1, pp. 001012-15].

17.     On or about May 20, 2011, Defendants sent Plaintiff a letter approving his intermittent FMLA leave for May 3-6, 2011 and May 9, 2011. [Hansen Dep., Ex. 1, p. 001018].

18.     After Matrix approved Plaintiff's May 3-6, 2011 and May 9, 2011 requests as FMLA leave, Defendants took away the occurrences for those dates. [Hansen Dep., Ex. 1, pp. 001022-24].

19.     On or about June 23, 2011, Defendants sent Plaintiff a letter that stated that his request for intermittent FMLA leave on 6/22/11 had been denied because "Exhausted." Defendants' letter did not request recertification or apprise Plaintiff of the consequences of not submitting a recertification. [Hansen Dep., Ex. 1, Bates 001027-28].

20.     Plaintiff received this letter sometime on or after June 23, 2011. [Hansen Dep., Ex. 1, Bates 001027-28].

21.     On or about June 27, 2011, Defendants sent Plaintiff a letter that stated that his requests for intermittent FMLA leave on 6/22/11 and 6/27/11 had been denied because "Exhausted."  Defendants' letter did not request recertification or apprise Plaintiff of the consequences of not submitting a recertification. [Hansen Dep., Ex. 1, Bates 001029-30].

22.     Plaintiff received this letter sometime on or after June 27, 2011. [Hansen Dep., Ex. 1, Bates 001029-30].

23.     On or about July 6, 2011, Karla Drew, Integrated Claims Examiner at Matrix, faxed a letter to Dr. Post, the body of which read, in part, "Hi Dr. Hansen, Steven's 7/1 absence is

outside of his frequency and duration. Please confirm item #7. Please respond within 7 days." [Hansen Dep., Ex. 1, p. 001032].

24.   Item #7 on the Certification of Health Care Provider for Employee's Serious Health Condition asks "Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced because of the employee's medical condition?," "If yes, are the treatment or the reduced number of work hours medically necessary?," Estimate treatment schedule, if any, including the dates of any scheduled appointment and the time required for each appointment, including any recovery period" and "Estimate the part time or reduced work schedule the employee needs if any:___ hour(s) per day; ____ days per week from ____ through ____." [Hansen Dep., Ex. 1, p. 001010-11].

25.   The July 6, 2011 fax to Dr. Post addressed only the July 1, 2011 absence. [Hansen Dep., Ex. 1, p. 001032].

26.   On July 6, 2011, Matrix received a response to its fax, which was a copy of the original fax with a handwritten note that said: "7/6/11: Item #7 confirmed. P." [Hansen Dep., Ex. 5].

27.   On or about July 8, 2011, Defendants sent Plaintiff a letter that stated that his request for intermittent FMLA leave on 6/22/11 and 6/27/11 had been denied because "Exhausted" and that his request for intermittent FMLA leave on 7/1/11 was denied because "Frequency exceeded." Defendants' letter did not request recertification or apprise Plaintiff of the consequences of not submitting a recertification. [Hansen Dec., Ex. C, Bates MMC000194-95].

28.   It is unknown whether Plaintiff received this letter. [*See* Hansen Dep, Ex. 1, Bates 001025-31, 001034].

5

Case 1:12-cv-00032-WCG   Filed 02/11/13   Page 5 of 8   Document 32

29. On or about July 14, 2011, Defendants sent Plaintiff a letter that stated that his request for intermittent FMLA leave on 6/22/11 and 6/27/11 had been denied because "Exhausted" and that his requests for intermittent FMLA leave on 7/1/11, 7/11/11, and 7/12/11 were denied because "Frequency exceeded." Defendants' letter did not request recertification or apprise Plaintiff of the consequences of not submitting a recertification. [Hansen Dep., Ex. 1, Bates 001031].

30. Hansen received this letter sometime on or after July 14, 2011. [Hansen Dep., Ex. 1, Bates 001031].

31. On or about July 22, 2011, Defendants sent Plaintiff a letter that stated that his requests for intermittent FMLA leave on 6/22/11 and 6/27/11 had been denied because "Exhausted" and that his requests for FMLA leave on 7/1/11, 7/11/11, 7/12/11, 7/13/11, and 7/18/11 were denied because "Frequency exceeded." Defendants' letter did not request recertification or apprise Plaintiff of the consequences of not submitting a recertification. [Hansen Dep., Ex. 1, Bates 001034].

32. Plaintiff received this letter sometime on or after July 22, 2011. [Hansen Dep., Ex. 1, Bates 001034].

33. Defendants confirmed Matrix's denials of Plaintiff's requests for FMLA leave on July 1, 2011, July 11-13, 2011, and July 18, 2011 and gave Plaintiff full occurrences for each absence, but granted Plaintiff's requests for FMLA leave on June 22, 2011 and June 27, 2011. [Hansen Dep. Ex. 1, p. 001035-38, Ex. 6].

34. Defendants' denial of Plaintiff's requests for FMLA leave on July 1, 2011, July 11-13, 2011, and July 18, 2011 put Plaintiff at 13 occurrences, over Defendants' 10 occurrence threshold for termination. [Hansen Dep., Ex. 1, Bates 001035-38].

6

35. Defendants did not issue discipline or disciplinary action or a Notice of Attendance Violation to Plaintiff regarding his occurrences on July 1, 2011, July 11-13, 2011, or July 18, 2011, other than the termination. [Hansen Dec., Ex. C, p. 4; Hansen Dep., Ex. 1, Bates 001035-38].

36. Defendants terminated Plaintiff on July 22, 2011 for incurring thirteen occurrences. [Second Amended Compl. ¶ 26; Answer to Second Amended Compl. ¶ 26; Hansen Dec., Ex. C, p. 5].

37. During Plaintiff's termination meeting, Tami Hansen told Plaintiff, "You can miss 4 times every 6 months. You are currently at 13 points. Matrix called your doctor and there was no change in your certification. The days remained." [Hansen Dec., Ex. C, Bates MMC000483-84].

38. At the time of his termination, Plaintiff told Defendants that his absences on or about July 1, 11, 12, 13, and 18, 2011 should be deemed FMLA leave, not occurrences. Plaintiff offered to provide additional paperwork, but Defendants did not respond or otherwise request further medical information. [Second Amended Compl. ¶ 27; Hansen Dep. p. 70, lines 16-23].

39. On or about July 26, 2011, Dr. Post sent a letter to Yvonne Rangel at Matrix and Tammy Hansen at Defendant MMC stating:

> I am writing this letter to amend the FMLA of James Hansen, date of birth 04/24/1980. I was sent a form by fax from the Matrix Absence Management company on 07/06/2011. There was a lot of confusion due to inaccuracy of this form. First of all, it referred to Steven's absence, not James Hansen's absence of July 7, being outside of his frequency and duration. Second of all, it was addressed to Dr. Hansen and not to me. My FMLA diagnosis for James remains the same as signs and symptoms of depression including anhedonia, mood disturbance and inability to concentrate. Part 6 regarding the beginning and ending date of his incapacity starting on May 3 through 7 of 2011, I am increasing to cover the entire year of 2011 until December 31. In regards to question number 7, he will continue to need followup treatment as we determined in accordance with his clinical course. With further insight into his clinical course, I am amending question 8's answer

7

to increasing the frequency to once a month for a duration of 2-5 days per episode. If you have any questions concerning his care, please feel free to contact me.

[Hansen Dep., Ex. 1, p. 001043].

40. Attorney Holly Lutz sent a letter to Defendants on Plaintiff's behalf dated August 5, 2011, requesting that Plaintiff be allowed to return to work and offering appropriate paperwork. [Hansen Dep., Ex. 1, p. 001044].

41. Tamara Hansen, Defendant MMC's HR Representative, responded by letter to Attorney Holly Lutz on or about September 13, 2011, which stated, in part,

> Mr. Hansen has been terminated effective July 22, 2011 in accordance with the Marinette Marine Attendance Policy. We met with Mr. Hansen on May 12, 2011 letting him know that he was at 9.5 occurrences (10 is termination) and his FMLA was pending approval. He was informed that if his FMLA was denied he would exceed the 10 occurrences allowable and his employment would be terminated. Mr. Hansen did not disagree with the 9 1/2 occurrences during the meeting. Mr. Hansen's FMLA recertification was denied; therefore his employment was terminated.

[Hansen Dec., Ex. C, Bates MMC000152].

Dated this 11th day of February, 2013.

                                               HEINS LAW OFFICE LLC
                                               Counsel for the Plaintiff

                                               *s/ Erica N. Reib*
                                               Janet L. Heins, State Bar No. 1000677
                                               Erica N. Reib, State Bar No. 1084760

HEINS LAW OFFICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com
ereib@heinslawoffice.com

8