UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JAMES G. HANSEN,

        Plaintiff,

      vs.                        Case No: 12-CV-00032

FINCANTIERI MARINE GROUP, LLC
and MARINETTE MARINE CORPORTION,

        Defendants.

## PLAINTIFF'S RESPONSES TO DEFENDANTS' PROPOSED FINDINGS OF FACT

1.      Hansen was hired as a Journeyman Shipbuilder on November 15, 1999 by Marinette Marine, which later became a wholly owned subsidiary of Fincantieri. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 7, Second Amended Complaint ¶ 7]. **ADMIT**.

2.      While Hansen was employed at Marinette Marine, the company had a point-based attendance policy in place. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 16; Ex. 2, Attendance Policy]. **ADMIT**.

3.      Under the attendance policy, an employee who was absent, left early, or arrived late was "charged points." [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 16, lines 10-23; Ex. 2, Attendance Policy, pg. 2]. **ADMIT**.

4.      Under the attendance policy, an employee was charged one point for missing more than four hours of a scheduled work day and was charged one-half of a point for missing

four hours or less of a scheduled work day. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 16, line 24 thought pg. 17, line 3; Ex. 2, Attendance Policy, pg. 2]. **ADMIT**.

5.     One year after a point was acquired, that point expired and was deducted from the employee's total number of points. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 17, lines 17 - 25; Ex. 2, Attendance Policy, pg. 2]. **ADMIT**.

6.     Under Marinette Marine's attendance policy, if an employee accumulated four attendance points, the employee received a warning; at six points, the employee received a second warning; at nine points, the employee received a third warning and suspension; and at ten attendance points, the employee was terminated. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 17, lines 4 - 16; Ex. 2, Attendance Policy, pg. 2]. **ADMIT**, but see Plaintiff's Proposed Findings of Fact ("PPFOF") ¶¶ 5 (Hansen Dec., Ex C, p. 7), 6 (Hansen Dec., Ex. C, Bates MMC000177; Hansen Dep. p. 28, lines 4-10).

7.     Employee absences, including FMLA leave, were administrated by Matrix Absence Management, Inc. (Matrix). [Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 7, Second Amended Complaint ¶ 13]. **ADMIT**, but see PPFOF ¶¶ 13 (Hansen Dec., Ex. B, p. 6; Ex. C, p. 9), 33 (Hansen Dep. Ex. 1, p. 001035-38, Ex. 6).

8.     Throughout his employment, Hansen had a number of attendance issues. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 25, lines 10-12]. **OBJECTION,** irrelevant; subject to that objection, **ADMIT**.

9.     During his employment at Marinette Marine, Hansen had received seven first warnings, five second warnings, and two third warnings for attendance violations. [Ex. 1,

Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 25, lines 6-9].
**OBJECTION,** irrelevant; subject to that objection, **ADMIT**.

10.     Hansen was absent May 3-6 and May 9.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001036; Depo. Ex. 7, Second Amended Complaint ¶ 23].  **ADMIT**.

11.     Hansen requested FMLA leave for his own serious health condition, depression, beginning on May 3, 2011 and ending on or about May 4, 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001007].  **ADMIT**.

12.     On May 4, 2011, Hansen received a letter from Fincantieri informing him that he was *eligible* for twelve weeks of FMLA leave.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001007].  The second paragraph of the letter, in bold, underlined font, stated the following: "This letter is ONLY about your ELIGIBILITY based on federal and/or state employment requirements.  APPROVAL of your leave is pending medical certification."  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1., pg. 001007].  **ADMIT**.

13.     On or about May 11, 2012, Marinette Marine received a medical certification from Hansen's health care provider, Dr. Michael Post.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, RRFA 3; Depo. Ex. 7, Seconded Amended Complaint ¶ 20; Depo. Ex. 8].  **DENY**; see PPFOF ¶ 11 (Second Amended Compl. ¶ 20; Answer to Second Amended Compl. ¶ 20; Hansen Dep., see Ex. 1, pp. 001010-11).

14.     The medical certification stated that Hansen's condition would cause episodic flare-ups that would periodically prevent Hansen from working.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 8].  **ADMIT**.

3

15. Dr. Post estimated the frequency of the flare-ups to be <u>four episodes every six months</u> and the duration of related incapacity to be <u>two to five days per episode</u>. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, RRFA 4 and 5; Depo. Ex. 8]. **ADMIT**.

16. After the medical certification was received, Hansen's absences on May 3-6 and May 9, 2011 (episodes one and two) were approved as FMLA leave; therefore, he did not receive any attendance points for those absences. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 49, lines 9 - 20, Depo. Ex. 1, pg. 001036; Depo. Ex. 6]. **ADMIT**, but see PPFOF ¶¶ 15-18 (Hansen Dep., Ex. 1, pp. 001012-15, 001018, 001022-24).

17. Hansen was absent again on May 23, 2011, his third episode in May. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 49, lines 19 - 21; Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. This absence was approved as FMLA leave; therefore, he did not receive an attendance point. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 49, lines 19 - 21; Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. **ADMIT**.

18. Hansen was absent May 31-June 1, 2011, his fourth episode in less than a month. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 49, lines 22 - 25; Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. The absences were approved as FMLA leave; therefore, he did not receive attendance points. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 49, lines 22 - 25; Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. **ADMIT**.

19. Hansen was absent June 13-15, 2011. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 50, lines 1 - 4; Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. This was his fifth episode in approximately a month and a half, exceeding the approved frequency of four episodes in six months. Nonetheless, these absences were approved as FMLA leave and he

4

did not receive any attendance points. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 50, lines 1 - 4; Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. **ADMIT**.

20. Hansen was absent on June 22 and June 27, 2011, his sixth and seventh episodes in less than two months. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 50, lines 5 - 11; Depo. Ex. 1, pg. 001037; Depo Ex. 6]. Although Matrix denied FMLA leave for these absences, Marinette Marine approved it; therefore, Hansen did not receive any attendance points. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 50, lines 5 - 11; Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. **ADMIT**.

21. Hansen was absent again on July 1, his eighth episode. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 1 - 4, Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. **ADMIT**.

22. Concerned about Hansen's excessive absences, Matrix contacted Dr. Post via fax on July 6, 2011. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 5]. **ADMIT**.

23. Although the letter in the body of the fax mistakenly addressed "Doctor Hansen" and referred to "Steven's 7/1 absence," the heading of the fax clearly stated, "To: Dr. Post" and "Re: Leave 904193 (James Hansen)." [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 42, lines 6 - 14; Depo. Ex. 5]. The body of the fax read, "Steven's 7/1 absence is out of his frequency and duration. Please confirm item #7." [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 5]. **ADMIT**.

24. On July 6, 2011, about an hour after receiving fax from Matrix, Dr. Post sent a reply fax that contained a handwritten note, which stated as follows: "Item #7 confirmed. P." [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 44, lines 10 - 20;

Depo. Ex. 5].  **ADMIT**, but see PPFPF ¶¶ 24 (Hansen Dep., Ex. 1, p. 001010-11), 26 (Hansen Dep., Ex. 5), 39 (Hansen Dep., Ex. 1, p. 001043).

25.     Having received confirmation that there was no change in the estimated frequency or duration of Hansen's episodes, Matrix denied FMLA leave for the July 1, 2011 absence.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 50, lines 12 - 17; Depo. Ex. 1, pg. 001037; Depo. Ex. 6].  **ADMIT**.

26.     Hansen had nine attendance points as of May 2, 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001036; Depo. Ex. 6]. One attendance point was deducted on June 8, 2011 when it expired and Hansen acquired a half attendance point on June 17, 2011 for a non-FMLA-related absence.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001037; Depo. Ex. 6]. Therefore, the attendance point for the July 1, 2011 absence left Hansen with a total of 9.5 points.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001037; Depo. Ex. 6].  On July 10, 2011, a half attendance point expired and was deducted from the total number of points.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001037; Depo. Ex. 6].  This left Hansen with a total of nine points as of July 10, 2011, which was one point away from termination.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1., pg. 001037; Depo. Ex. 6].  **ADMIT**.

27.     Hansen was absent July 11-13, which was his ninth episode since May 1, 2011. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012,  pg. 50, lines 12 - 17; Depo. Ex. 1, pg. 001037-38; Depo. Ex. 6].   FMLA leave was denied for those absences; therefore, Hansen received three attendance points for those absences.   [Ex. 1, Deposition

6

Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001037-38; Depo. Ex. 6]. **ADMIT**.

28.     Hansen was absent on July 18, 2011, which was his tenth episode. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 50. lines 12 - 17; Depo. Ex. 1, pg. 001038; Depo. Ex. 6]. FMLA leave was denied for those absences as well; therefore, Hansen received an attendance point for that absence. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001038; Depo. Ex. 6]. **ADMIT**.

29.     After his July 18, 2011 absence, Hansen had a total of thirteen attendance points - three points beyond the ten points required for termination. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001038; Depo. Ex. 6]. **ADMIT**.

30.     Consistent with Marinette Marine's attendance policy, Hansen was terminated on July 22, 2011 for exceeding ten attendance points. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001038; Depo. Ex. 6]. **ADMIT**, but see PPFPF ¶ 38 (Second Amended Compl. ¶ 27; Hansen Dep. p. 70, lines 16-23).

31.     On July 26, 2011, after Hansen had already been terminated, Dr. Post sent a letter to Matrix and Marinette Marine via fax. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001043]. In this letter, Dr. Post increased the period of incapacity "to cover the entire year of 2011 until December 31" and "increas[ed] the frequency to one a month for a duration of 2-5 days per episode." [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001043]. **ADMIT**.

32.     Nothing in Dr. Post's July 26, 2011 letter specifically addressed the July absences for which Hansen had incurred attendance points. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 54, line 20 - pg. 55, line 6; Depo. Ex. 1, pg. 001043].

7

**ADMIT**, but see PPFOF ¶¶ 25 (Hansen Dep., Ex. 1, p. 001032), 39 (Hansen Dep., Ex. 1, p. 001043).

33.     Dr. Post's July 26, 2011 letter was written after Hansen incurred attendance points for his absences on July 1, July 11-13, and July 18, 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 55, lines 7 - 13; Depo. Ex. 1, pg. 001043].  **ADMIT**, but see PPFOF ¶ 38 (Second Amended Compl. ¶ 27; Hansen Dep. p. 70, lines 16-23).

34.     Dr. Post's July 26, 2011 letter was written after Hansen's termination on July 22, 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012,pg. 55, lines 7 - 13; Depo. Ex. 1, pg. 001043].  **ADMIT**.

35.     Dr. Post's July 26, 2011 letter did not specifically address Hansen's absence on July 1, 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 54, lines 20-22; Depo. Ex. 1, pg. 001043].  **ADMIT**.

36.     Dr. Post's July 26, 2011 letter did not specifically address Hansen's absences on July 11 - 13, 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 54, lines 23 - pg. 55, line 6; Depo. Ex. 1, pg. 001043].  **ADMIT**, but see PPFOF ¶ 25 (Hansen Dep., Ex. 1, p. 001032).

37.     Dr. Post's July 26, 2011 letter did not specifically address Hansen's absence on July 18, 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 55, lines 4 - 6; Depo. Ex. 1, pg. 001043].  **ADMIT**, but see PPFOF ¶ 25 (Hansen Dep., Ex. 1, p. 001032).

38.     Even after the July 26, 2011 modification by Dr. Post, Hansen's absences on July 1, July 11-13, and July 18, 2011, exceeded the FMLA certified frequency and duration of Hansen's serious health condition as modified by Dr. Post on July 26, 2011.  [Ex. 1, Deposition

Transcript for Hansen Deposition, November 30, 2012, Depo. Ex. 1, pg. 001043; Ex. 3, Plaintiff's Amended Responses to Defendant's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, RRFA 11].  **ADMIT**.

39.     The absences set forth in Hansen's Complaint covered the period from May through July of 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, Ex. 7, Second Amended Complaint ¶ 23].  **ADMIT**.

40.     Hansen's absence on July 1, 2011 was his eighth episode during the three month period set forth in Hansen's complaint.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 1 - 4; Depo. Ex. 6].  **ADMIT**.

41.     Hansen's absences on July 11 through July 13, 2011 constituted his ninth episode during the three month period set forth in Hansen's complaint.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 5 - 7; Depo. Ex. 6].  **ADMIT**.

42.     Hansen's' absence on July 18, 2011 was his tenth episode during the three month period set forth in Hansen's complaint.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 8 - 9; Depo. Ex. 6].  **ADMIT**.

43.     According to Dr. Post's July 26, 2011 letter, Dr. Post anticipated that Hansen would have one episode per month that would require absence from work.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 10-14; Depo. Ex. 1, pg. 001043].  **ADMIT**.

44.     Hansen had four episodes for which he was absent from work in May of 2011.  [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 15 - 17; Depo. Ex. 6].  **ADMIT**.

45.     Hansen had three episodes for which he was absent from work in June of 2011. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 18 - 20; Depo. Ex. 6]. **ADMIT**.

46.     Hansen had three episodes for which he was absent from work in July of 2011. [Ex. 1, Deposition Transcript for Hansen Deposition, November 30, 2012, pg. 51, lines 21 - 23; Depo. Ex. 6]. **ADMIT**.

47.     At no time prior to Hansen's' termination did any health care provider modify the FMLA certified frequency and duration of Hansen's serious health condition, as set forth in the medical certification form executed by Dr. Post and presented by Hansen.  [Ex. 3, Plaintiff's amended Responses to Defendant's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, RRFA 6].  **ADMIT**, but see PPFOF ¶¶ 19 (Hansen Dep., Ex. 1, Bates 001027-28); 21 (Hansen Dep., Ex. 1, Bates 001029-30), 27 (Hansen Dec., Ex. C, Bates MMC000194-95), 29 (Hansen Dep., Ex. 1, Bates 001031), 31 (Hansen Dep., Ex. 1, Bates 001034), 38 (Second Amended Compl. ¶ 27; Hansen Dep. p. 70, lines 16-23).

48.     At no time prior to Hansen's termination did Hansen provide to Defendants any FMLA health care provider form modifying the FMLA certified frequency and duration of Hansen's serious health condition, as set forth in the medical certification form executed by Dr. Post and presented by Hansen.  [Ex. 3, Plaintiff's amended Responses to Defendant's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, RRFA 7]. **ADMIT**, but see PPFOF ¶¶ 19 (Hansen Dep., Ex. 1, Bates 001027-28); 21 (Hansen Dep., Ex. 1, Bates 001029-30), 27 (Hansen Dec., Ex. C, Bates MMC000194-95), 29 (Hansen Dep., Ex. 1, Bates 001031), 31 (Hansen Dep., Ex. 1, Bates 001034), 38 (Second Amended Compl. ¶ 27; Hansen Dep. p. 70, lines 16-23).

Dated this 11th day of February, 2013.

                                          HEINS LAW OFFICE LLC
                                          Counsel for the Plaintiff

                                          *s/ Erica N. Reib* .
                                          Janet L. Heins, State Bar No. 1000677
                                          Erica N. Reib, State Bar No. 1084760

HEINS LAW OFFICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com
ereib@heinslawoffice.com

11