UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JAMES G. HANSEN,

    Plaintiff,

-vs-                        Case No: 12-cv-00032

FINCANTIERI MARINE GROUP, LLC,

and

MARINETTE MARINE CORPORATION,

    Defendants.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FINCANTIERI MARINE GROUP

Defendant, Fincantieri Marine Group, LLC ("Fincantieri") responds to Plaintiff's First Set of Interrogatories, Requests for Admission and Requests for Production of Documents as follows:

### GENERAL RESERVATIONS AND OBJECTIONS

1. These responses are made on the basis of information and writings presently available and located by Fincantieri upon reasonable investigation of its records and inquiry of its present employees and agents. Fincantieri reserves the right to modify its responses and/or objections with such additional information as subsequently may be discovered.



EXHIBIT B

2. The responses and objections herein are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility and to any and all other objections on the grounds which would require the exclusion from evidence of any statement herein, if any interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court, all of such objections and grounds are expressly reserved so that these may be made at trial.

3. Fincantieri objects to each of the document requests and interrogatories to the extent that they seek information regarding communications between Fincantieri and its legal counsel on the ground that such communications are privileged and not subject to discovery. No response is intended to waive such privilege, including the inadvertent disclosure of any privileged information or document which resulted from Fincantieri's good faith effort to thoroughly respond to these document requests and interrogatories in the required period of time. Accordingly, Fincantieri reserves the right to recall any privileged information or documents that were inadvertently disclosed in responding to these discovery requests.

4. Fincantieri objects to each of the requests for production of documents and interrogatories to the extent that they seek information regarding materials prepared by or for Fincantieri or its representatives in anticipation of litigation on the grounds that such information is protected by the work product doctrine and is not subject to discovery. No response is intended to waive this objection including the inadvertent disclosure of any privileged information or document which resulted from Fincantieri's good faith effort to thoroughly respond to these requests for production of documents and interrogatories in

2

the required short period of time. Accordingly, Fincantieri reserves the right to recall any privileged information or documents that were inadvertently disclosed in responding to these discovery requests.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the name and position title of any and all individuals, other than counsel of record, who contributed information contained in your responses to these Interrogatories, Requests for Admission, and Requests for Production of Documents.

**ANSWER:** Steve Baue, VP Human Resources, Marinette Marine Corporation

**INTERROGATORY NO. 2:** Identify by name, last known home address and telephone number, last known employment position, dates of employment by Defendant Fincantieri Marine Group, LLC ("Fincantieri") and any and all reasons for the cessation of employment, all of Defendant Fincantieri's employees who performed job duties substantially similar to those performed by Plaintiff, whether employed directly by Defendant Fincantieri or contracted with, and were terminated.

**ANSWER:** Plaintiff was not employed by Defendant Fincantieri. There are no employees of Defendant Fincantieri who performed job duties substantially similar to those performed by Plaintiff.

**INTERROGATORY NO. 3:** For all employees identified in response to Interrogatory No. 2, above, identify and describe in detail the disciplinary steps Defendant Fincantieri took against the employee prior to terminating the employee's employment, as well as the manner or method through which Defendant Fincantieri carried out the termination.

**ANSWER:** See Answer to Interrogatory No. 2, above.

**INTERROGATORY NO. 4:** For every form of discipline or disciplinary action taken against the Complainant while employed by Defendant Fincantieri, state the date of the disciplinary action, the reason(s) for the action, the form of the disciplinary action, the rule or policy violated that prompted the disciplinary action, and identify, as that term is defined above, all persons responsible for initiating and executing the disciplinary action, and describe the role of each person so identified.

3

ANSWER: Plaintiff was not employed by Defendant Fincantieri; therefore, no disciplinary action was ever taken by Defendant Fincantieri against Plaintiff.

**INTERROGATORY NO. 5:** Describe in detail the Human Resources functions Defendant Fincantieri provided for Defendant Marinette Marine Corporation.

ANSWER: Defendant Fincantieri provides no Human Resources functions for Defendant Marinette Marine Corporation.

**INTERROGATORY NO. 6:** Identify the date upon which Defendant Fincantieri made the decision to terminate Complainant.

ANSWER: Defendant Fincantieri did not make the decision to terminate Plaintiff.

**INTERROGATORY NO. 7:** Identify the individuals involved in the decision to terminate Plaintiff and describe in detail what input each had regarding the decision.

ANSWER: No individuals employed by Defendant Fincantieri were involved in the decision to terminate Plaintiff.

**INTERROGATORY NO. 8:** Describe in detail how Matrix Absence Management, Inc. ("Matrix") administered Family and Medical Leave Act ("FMLA") leave during the period alleged in the Complaint and how Matrix gave FMLA information to Defendant Fincantieri.

ANSWER: Matrix did not provide FMLA information to Defendant Fincantieri.

**INTERROGATORY NO. 9:** Identify and describe in detail any and all reasons Defendant Fincantieri terminated Plaintiff's employment. For each reason provided, indicate whether, when, and in what form that reason was communicated to Plaintiff, as well as how the Plaintiff responded, if at all.

ANSWER: Defendant Fincantieri did not terminate Plaintiff's employment.

**INTERROGATORY NO. 10:** For each reason identified in response to Interrogatory No. 9, above, identify and describe in detail any and all facts and documents that support that reason.

**ANSWER:** See Answer to Interrogatory No. 9, above.

**INTERROGATORY NO. 11:** Identify, as the term is defined above, all persons who participated, to whatever degree, in Defendant Fincantieri's decision to terminate the Plaintiffs employment, and describe in detail each person's participation.

**ANSWER:** Defendant Fincantieri did not make the decision to terminate Plaintiff.

**INTERROGATORY NO. 12:** Identify the bases (sic) for Defendant Fincantieri's contention that Plaintiff did not work for Defendant Fincantieri.

**ANSWER:** Plaintiff worked for Defendant Marinette Marine Corporation, which is a separately incorporated legal entity and a wholly owned subsidiary of Defendant Fincantieri.

**INTERROGATORY NO. 13:** For each of following Requests for Admission that you respond to with anything other than an unqualified admission, describe in detail the reason for your response, the basis for your response, including all facts that support your response, identity any and all documents that support your response and identify all individuals who may have information relevant to your response and describe in detail the substance of that information.

**ANSWER:** See Responses to Requests for Admission.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that, prior to May 3, 2011, Plaintiff had been employed by Defendant for 12 months and had worked at least 1250 hours during the prior 12 months.

**RESPONSE:** Denied. Plaintiff was not employed by Defendant Fincantieri. Plaintiff was employed by Defendant Marinette Marine Corporation.

5

REQUEST NO. 2. Admit that when Defendant terminated Plaintiff, he had not exhausted his FMLA eligibility.

RESPONSE: Denied. Defendant Fincantieri did not terminate Plaintiff.

REQUEST NO. 3. Admit that Matrix has no authority to terminate employees of Defendant.

RESPONSE: Admitted.

REQUEST NO. 4: Admit that Defendant has the ability to overrule Matrix's denial of FMLA requests.

RESPONSE: Defendant is unable to admit or deny and, therefore, denies. Defendant is unable to ascertain the meaning of the term "overrule." Defendant relied on Matrix's expertise in the area of managing FMLA requests and determining FMLA eligibility.

REQUEST NO. 5: Admit that Defendant intentionally retaliated against Plaintiff in the terms and conditions of his employment by terminating him for exercising his rights under the FMLA.

RESPONSE: Denied. Defendant Fincantieri took no action against Plaintiff.

REQUEST NO. 6: Admit that Defendant intentionally interfered with Plaintiff's rights under the FMLA.

RESPONSE: Denied. Defendant Fincantieri took no action against Plaintiff.

REQUEST NO. 7: Admit that Plaintiff earned $20.53 per hour at the time of his termination.

RESPONSE: Because Plaintiff was not employed by Defendant Fincantieri, Defendant Fincantieri is without sufficient information to affirm or deny this request and, therefore, denies same.

6

Case 1:12-cv-00032-WCG     Filed 02/11/13     Page 6 of 9     Document 34-3

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All documents identified, referred to, or reviewed in any way in making your responses to all of the Interrogatories and Requests for Admission propounded above.

**RESPONSE:** No responsive documents exist.

**REQUEST NO. 2:** All documents that you contend support your claims that Defendant Fincantieri did not violate Plaintiff's rights under the FMLA.

**RESPONSE:** Plaintiff was not employed by Defendant Fincantieri; therefore, no responsive documents exist.

**REQUEST NO. 3:** All correspondence, memoranda, notes, computer files, e-mail, or other written media of any kind, whether to Defendant, from Defendant, or internal to Defendant, referring to or regarding Plaintiff in any way, from January 1, 2009 to the present, in whatever form maintained.

**RESPONSE:** Plaintiff was not employed by Defendant Fincantieri; therefore, no responsive documents exist.

**REQUEST NO. 4:** Any written or recorded statement made by or for any party or witness concerning the facts of this case in any way, including, but not limited to, all investigative reports prepared by Defendant or on Defendant's behalf which relate to the facts of this case in any way.

**RESPONSE:** Defendant Fincantieri objects to this request on the basis that it seeks documents protected by the attorney work product doctrine. Other than possible privileged information, no responsive documents exist.

**REQUEST NO. 5:** All written policies in effect during Complainant's employment regarding FMLA leave.

RESPONSE: Plaintiff was not employed by Defendant Fincantieri; therefore, no responsive documents exist.

REQUEST NO. 6: The entire employee, personnel, supervisor, payroll, time record, and disciplinary files of Complainant, in whatever form maintained.

RESPONSE: Plaintiff was not employed by Defendant Fincantieri; therefore, Defendant Fincantieri is not in possession of any personnel file of Plaintiff.

REQUEST NO. 7: Any and all files held by Matrix regarding Plaintiff during his employment with Defendant Fincantieri.

RESPONSE: Plaintiff was not employed by Defendant Fincantieri; therefore, no responsive documents exist.

REQUEST NO. 8: Any and all records of the numbers of hours Plaintiff worked during the time period alleged in the Complaint.

RESPONSE: Plaintiff was not employed by Defendant Fincantieri; therefore, no responsive documents exist.

REQUEST NO. 9: Any and all attendance records for Plaintiff during his employment with Defendant.

RESPONSE: Plaintiff was not employed by Defendant Fincantieri; therefore, no responsive documents exist.

REQUEST NO. 10: Any and all communication received from Dr. Michael Post regarding Plaintiff.

RESPONSE: Defendant Fincantieri never received any communications from Dr. Michael Post regarding Plaintiff; therefore, no responsive documents exist.

**REQUEST NO. 11:** Any and all documents identified in response to the Interrogatories or Requests for Admission, above, that have not been produced in response to any of the foregoing Requests for Production of Documents

**RESPONSE:** No responsive documents exist.

As to Responses:

Dated: August 21, 2012.

By: _____
NAME Steve Daus
TITLE VP HR
Fincantieri Marine Group, LLC

As to Objections:

Dated: August 22, 2012.

By: _____
Joel S. Aziere (Bar No. 1030823)
jaziere@buelowvetter.com
Sarrie L. Pozolinski (Bar No. 1070683)
spozolinski@buelowvetter.com
**Buelow Vetter Buikema Olson & Vliet, LLC**
20855 Watertown Road, Suite 200
Waukesha, Wisconsin 53186
Telephone: (262) 364-0250
Facsimile: (262) 364-0270
ATTORNEYS FOR DEFENDANT

Direct contact information:

Joel S. Aziere          (262) 364-0250 direct dial
                        (262) 364-0270 direct fax
                        jaziere@buelowvetter.com

Sarrie L. Pozolinski    (262) 364-0260 direct dial
                        (262) 364-0280 direct fax
                        spozolinski@buelowvetter.com