RECEIVED

NOV 3



Heins Law Office LLC

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

JAMES G. HANSEN,

        Plaintiff,

    -vs-                       Case No: 12-cv-00032

FINCANTIERI MARINE GROUP, LLC,

and

MARINETTE MARINE CORPORATION,

        Defendants.

### DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF
### INTERROGATORIES, REQUESTS FOR ADMISSION, AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Janet L. Heins
        Erica N. Reib
        Robert Finn Jensen
        Heins law office LLC
        1001 West Glen oak Lane, Suite 101
        Mequon, WI 53092

Defendant, Marinette Marine Group, LLC ("MMC") responds to Plaintiff's First Set of

Interrogatories, Requests for Admission and Requests for Production of Documents as follows:

#### GENERAL RESERVATIONS AND OBJECTIONS

1.    These responses are made on the basis of information and writings presently

available and located by MMC upon reasonable investigation of its records and inquiry of its



**EXHIBIT**

**C**

present employees and agents.  MMC reserves the right to modify its responses and/or objections with such additional information as subsequently may be discovered.

2.      The responses and objections herein are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility and to any and all other objections on the grounds which would require the exclusion from evidence of any statement herein, if any interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court, all of such objections and grounds are expressly reserved so that these may be made at trial.

3.      MMC objects to each of the document requests and interrogatories to the extent that they seek information regarding communications between MMC and its legal counsel on the ground that such communications are privileged and not subject to discovery.  No response is intended to waive such privilege, including the inadvertent disclosure of any privileged information or document which resulted from MMC's good faith effort to thoroughly respond to these document requests and interrogatories in the required period of time.  Accordingly, MMC reserves the right to recall any privileged information or documents that were inadvertently disclosed in responding to these discovery requests.

4.      MMC objects to each of the requests for production of documents and interrogatories to the extent that they seek information regarding materials prepared by or for MMC or its representatives in anticipation of litigation on the grounds that such information is protected by the work product doctrine and is not subject to discovery.  No response is intended to waive this objection including the inadvertent disclosure of any privileged information or document which resulted from MMC's good faith effort to thoroughly respond to these requests for production of documents and interrogatories in the required short period of time.

Accordingly, MMC reserves the right to recall any privileged information or documents that were inadvertently disclosed in responding to these discovery requests.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify the name and position title of any and all individuals, other than counsel of record, who contributed information contained in your responses to these Interrogatories, Requests for Admission, and Requests for Production of Documents.

**ANSWER NO. 1:**     Peggy Boudreau, Director of Human Relations, MMC

Sue Lesperance, Human Resources Manager, MMC


**INTERROGATORY NO. 2**:  Identify by name, last known home address and telephone number, last known employment position, dates of employment by Defendant Marinette Marine Corporation ("MMC") and any and all reasons for the cessation of employment, all of Defendant MMC's employees who performed job duties substantially similar to those performed by Plaintiff, whether employed directly by Defendant MMC or contracted with, and were terminated.

**ANSWER NO. 2:**     MMC objects to this interrogatory on the basis that it is overbroad, unduly burdensome, and unlikely to lead to discoverable information.  The interrogatory fails to limit its request to any time period and seeks all terminations regardless of reason, rather than limiting itself to individuals and/or employment actions relevant to the claims set forth in Plaintiff's Complaint.


**INTERROGATORY NO. 3**: For all employees identified in response to Interrogatory No. 2, above, identify and describe in detail the disciplinary steps Defendant MMC took against the

employee prior to terminating the identified employee's employment, as well as the manner or method through which Defendant MMC carried out the termination.

**ANSWER NO. 3:**     See Answer to Interrogatory No. 2, above.


**INTERROGATORY NO. 4:** For every form of discipline or disciplinary action taken against the Plaintiff while employed by Defendant MMC, state the date of the disciplinary action, the reason(s) for the action, the form of the disciplinary action, the rule or policy violated that prompted the disciplinary action, and identify, as that term is defined above, all persons responsible for initiating and executing the disciplinary action, and describe the role of each person so identified.

**ANSWER NO. 4:**

| Date | Rule/Policy | Description | Discipline |
|------|-------------|-------------|------------|
| 11-10-04 | # 29 | Parking in authorized parking locations | Warning |
| 12-2-04 | # 16 | Wasting time | Warning |
| 2-8-05 | # 16 | Wasting time | Warning |
| 2-14-06 | # 2 | Knowingly punching the card of another employee, having one's time card punch by another employee | Warning |
| 2-15-06 | # 16 | Wasting time | Warning |
| 1-25-08 | # 1 | Supplying false personnel information or falsifying company records | Removal from leadman for one month |
| 10-14-08 | #33 | Offenses not specifically listed above: failure to punch in/out | Warning |
| 5-6-09 | # 16 | Wasting time | Warning |
| 2-10-11 | Policy | Cell Phone Violation | 3 day suspension for 1st offense |

Persons responsible for administering discipline are Peggy Boudreau and Sue Lesperance. The individuals who issued the above discipline to Plaintiff are noted in the disciplinary forms located in Plaintiff's personnel file, a copy of which is attached as Tab 2.

**INTERROGATORY NO. 5:** Describe in detail what person, position title, and/or third party performs the Human Resources functions for Defendant MMC, including, but not limited to, sending Family and Medical Leave Act ("FMLA") paperwork to employees.

**ANSWER NO. 5:**

General HR functions are performed/overseen by Peggy Boudreau, Director of Human Relations, MMC.

FMLA is administered by Matrix. These duties include sending notices and/or paperwork to employees of MMC, receiving medical certifications/documentation from employees of MMC, and tracking FMLA leave eligibility of and usage by employees of MMC. Prior to August of 2009, FMLA was administered by The Hartford.

**INTERROGATORY NO. 6:** Identify the date upon which Defendant MMC made the decision to terminate Plaintiff.

**ANSWER NO. 6:** MMC held a termination meeting with Defendant on 7/22/11. MMC is unable to ascertain the exact date on which the decision to terminated Defendant was made, but, knows it was on or about the date on which the termination meeting was held.

**INTERROGATORY NO. 7:** Identify the individuals involved in the decision to terminate Plaintiff and what input each had regarding the decision.

**ANSWER NO. 7:**

Tim Duquaine, VP Human Resources (Retired), MMC, gave final approval for Plaintiff's termination.

Peggy Boudreau, Director of Human Resources, MMC, recommended Plaintiff's termination based on attendance point accumulation, as set forth in detail in Response to Interrogatory #9, below.

Sue Lesperance, Human Resources Manager, MMC, reviewed documentation provided to Peggy Boudreau and opined that termination was warranted based on attendance point accumulation, as set forth in detail in Response to Interrogatory #9, below.

Tami Hansen, Human Resources Specialist, MMC, provided documentation regarding Plaintiff's attendance for review by Peggy Boudreau and Sue Lesperance.

Michelle Hermes, Human Resources Specialist, MMC, provided documentation regarding Plaintiff's attendance for review by Peggy Boudreau and Sue Lesperance.


**INTERROGATORY NO. 8:** Describe in detail how Matrix Absence Management, Inc. ("Matrix") administered FMLA leave during the period alleged in the Complaint and how information was given to Defendant MMC by Matrix, if at all.

**ANSWER NO. 8:**  Please see attached Tab 1 for a detailed explanation of the functions of Matrix. Matrix would send email notifications to MMC setting forth FMLA leave requested and granted to MMC employees. Notifications pertaining to Plaintiff are contained in his personnel file, a copy of which is attached under Tab 2.

**INTERROGATORY NO. 9:** Identify and describe in detail any and all reasons Defendant MMC terminated Plaintiffs employment. For each reason provided, indicate whether, when, and in what form that reason was communicated to Plaintiff, as well as how the Plaintiff responded, if at all.

**ANSWER NO. 9:**

On 02/21/11, Plaintiff had incurred 9.5 attendance points and received a third warning in lieu of suspension. Plaintiff signed an Attendance Incident Detail report on 02/21/11, without objection, acknowledging this infraction. Present during this meeting were Plaintiff, HR Representative Michelle Hermes, Foreman John Wrobleski, and Union Steward William Lockhart, each of whom signed the report. A copy of the Attendance Incident Detail report is attached under Tab 3.

On 05/12/11, MMC conducted a 9 point meeting with Plaintiff to advise him he had incurred 9.5 attendance points and was receiving a third warning in lieu of suspension. Present at this meeting were Plaintiff, HR Representatives Michelle Hermes and Kristina Adkins, Foreman Rodney Klann and Union Representative Mike Tanguay. Kristina Adkins took notes during this meeting, a copy of which is attached under Tab 3.

On 05/26/11, Plaintiff received the formal third warning in lieu of suspension, which was discussed during the 05/12/11 meeting referenced above. Plaintiff signed an Attendance Incident Detail report on 05/26/11, without objection, acknowledging this infraction. Present during this meeting were Plaintiff, HR Representative Michelle Hermes, Foreman Rodney Klann, and Union Steward Mike Tanguay, each of whom signed the report. A copy of the Attendance Incident Detail report is attached under Tab 3.

On 07/22/11, MMC conducted a termination meeting with Plaintiff to advise him he had incurred in excess of 10 attendance points and, therefore, was being terminated. Present at this meeting were Plaintiff, HR Representatives Tami Hansen and Kristina Adkins, Forman Rodney Klann and Union Representatives Jim Johnson, and Richard Robinson. Kristina Adkins took notes during this meeting, a copy of which is attached under Tab 3. During this meeting, Plaintiff received the formal termination notice for his signature. Plaintiff signed an Attendance Incident Detail report on 07/22/11, without objection, acknowledging this infraction. The report was signed by Plaintiff, HR Representative Tami Hansen, Foreman Rodney Klann, and Union Steward Rich Robinson. A copy of the Attendance Incident Detail report is attached under Tab 3.

**INTERROGATORY NO. 10:** For each reason identified in response to Interrogatory No. 9, above, identify, as that term is defined above, all individuals with knowledge and all documents relating in any way to such reason(s).

**ANSWER NO. 10:** See Answer to Interrogatory No. 9, above.

**INTERROGATORY NO. 11:** Identify, as the term is defined above, all persons who participated, to whatever degree, in Defendant's decision to terminate the Plaintiffs employment, and describe in detail each person's participation.

**ANSWER NO. 11:** See Answer to Interrogatory No. 7, above.

**INTERROGATORY NO. 12:** For each of following Requests for Admission that you responded to with anything other than an unqualified admission, describe in detail the reason for your response, the basis for your response, including all facts that support your response, identify

(as that term is defined above) any and all documents that support your response and identify (as that term is defined above) all individuals who may have information relevant to your response and describe in detail the substance of that information.

**ANSWER NO. 12:**   See Responses to Requests for Admission.


# REQUESTS FOR ADMISSION

Pursuant to FED.R.CIV.P. 36(a)(3), Responses to these Requests for Admissions shall be served within **30 days** at Heins Law Office LLC, 1001 West Glen Oaks Lane, Suite 101, Mequon, Wisconsin 53092.

**REQUEST FOR ADMISSION NO. 1:** Admit that, prior to May 3, 2011, Plaintiff had been employed by Defendant MMC for 12 months and had worked at least 1250 hours during the prior 12 months.

**RESPONSE:** Admit.


**REQUEST FOR ADMISSION NO. 2:** Admit that when Defendant MMC terminated Plaintiff, he had not exhausted his FMLA eligibility.

**RESPONSE:** MMC objects to this request on the basis that it states a legal conclusion rather than a factual allegation. As such, MMC is unable to admit or deny this request and, therefore, denies same.


**REQUEST FOR ADMISSION NO. 3:** Admit that Matrix has no authority to terminate employees of Defendant MMC.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 4:** Admit that Defendant MMC has the ability to grant requests for FMLA leave that Matrix has denied.

**RESPONSE:** MMC is unable to ascertain the meaning of the term "ability to grant" rendering it unable to admit or deny this allegation; therefore, MMC denies same. MMC retains Matrix to administer its FMLA policy and relies upon Matrix to perform these duties.

**REQUEST FOR ADMISSION NO. 5:** Admit that Defendant MMC intentionally retaliated against Plaintiff in the terms and conditions of his employment by terminating him for exercising his rights under the FMLA.

**RESPONSE:** Denied. MMC terminated Plaintiff for violation of MMC's attendance policy. Details of this decision and the individuals involved are found in Answers to Interrogatories Nos. 7 and 9.

**REQUEST FOR ADMISSION NO. 6:** Admit that Defendant MMC intentionally interfered with Plaintiffs rights under the FMLA.

**RESPONSE:** Denied. MMC terminated Plaintiff for violation of MMC's attendance policy. Details of this decision and the individuals involved are found in Answers to Interrogatories Nos. 7 and 9.

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff earned $20.53 per hour at the time of his termination.

**RESPONSE:** Admit.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to FED. R. CIV. P. 34, Plaintiff requests that the following documents be produced for inspection and copying within 30 days at Heins Law Office LLC, 1001 West Glen Oaks Lane, Suite 101, Mequon, Wisconsin 53092:

**REQUEST FOR PRODUCTION NO. 1**: All documents identified, referred to, or reviewed in any way in making your responses to all of the Interrogatories and Requests for Admission propounded above.

**RESPONSE:** Please see MMC's responses to Interrogatories, above, which identify the tabs under which said documents can be found.

**REQUEST FOR PRODUCTION NO. 2**: All documents that you contend support your claims that Defendant MMC did not violate Plaintiff's rights under the FMLA.

**RESPONSE:** MMC objects to this request on the basis that it asks MMC to prove a negative.

**REQUEST FOR PRODUCTION NO. 3**: All correspondence, memoranda. notes, computer files, e-mail, or other written media of any kind, whether to Defendant, from Defendant, or internal to Defendant, referring to or regarding Plaintiff in any way, from January 1, 2009 to the present, in whatever form maintained.

**RESPONSE:** MMC objects to this request on the basis that it seeks information protected under attorney/client privilege and under the attorney work product doctrine. To the extent that any

unprotected information exists, it is contained in Plaintiff's personnel file, which is provided in Response to Request No. 6, below.

**REQUEST FOR PRODUCTION NO. 4**: Any written or recorded statement made by or for any party or witness concerning the facts of this case in any way, including, but not limited to, all investigative reports prepared by Defendant or on Defendant's behalf which relate to the facts of this case in any way.

**RESPONSE:** MMC objects to this request on the basis that it seeks information protected under the attorney work product doctrine. Other than such protected information, and the meeting notes attached under Tab 3, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 5**: All written policies on effect during Plaintiff's employment regarding FMLA leave.

**RESPONSE:** Please see attached Tab 4.

**REQUEST FOR PRODUCTION NO. 6**: The entire employee, personnel, supervisor, payroll, time record, and disciplinary files of Plaintiff, in whatever form maintained.

**RESPONSE:** Please see attached Tab 2.

**REQUEST FOR PRODUCTION NO. 7**: Any and all files held or maintained by Matrix regarding Plaintiff during his employment with Defendant MMC.

**RESPONSE:** MMC is not in possession of any files held or maintained by Matrix.

**REQUEST FOR PRODUCTION NO. 8**: Any and all records of the numbers of hours Plaintiff worked during the time period alleged in the Complaint.

**RESPONSE:** Please see attached Tab 2.


**REQUEST FOR PRODUCTION NO. 9**: Any and all attendance records for Plaintiff during his employment with Defendant MMC.

**RESPONSE:** Please see attached Tab 2.


**REQUEST FOR PRODUCTION NO. 10**: Any and all communication(s) Defendant MMC received from Dr. Michael Post regarding Plaintiff.

**RESPONSE:** All such communications are located in Plaintiff's personnel file attached under Tab 2.


**REQUEST FOR PRODUCTION NO. 11**: Any and all communication(s) Defendant MMC sent to Attorney Holly Lutz regarding Plaintiff in any way.

**RESPONSE:** Please see attached Tab 5.


**REQUEST FOR PRODUCTION NO. 12:** Any and all documents identified in response to the Interrogatories or Requests for Admission, above, that have not been produced in response to any of the foregoing Requests for Production of Documents.

**RESPONSE:** Other than those documents provided under the tabs identified in these responses, no such documents exist.

As to Responses:

Dated:  October 31, 2012.

By:  _Peggy Boudreau_
Peggy Boudreau
Director of Human Relations
Marinette Marine Company

As to Objections:

Dated:  October 31, 2012.

By:  _Sarrie Devore_
Joel S. Aziere (Bar No. 1030823)
jaziere@buelowvetter.com
Sarrie L. Devore (Bar No. 1070683)
sdevore@buelowvetter.com
**Buelow Vetter Buikema**
**Olson & Vliet, LLC**
20855 Watertown Road, Suite 200
Waukesha, Wisconsin 53186
Telephone: (262) 364-0250
Facsimile: (262) 364-0270
ATTORNEYS FOR DEFENDANT

Direct contact information:

Joel S. Aziere          (262) 364-0250 direct dial
                        (262) 364-0270 direct fax
                        jaziere@buelowvetter.com

Sarrie L. Pozolinski    (262) 364-0260 direct dial
                        (262) 364-0280 direct fax
                        spozolinski@buelowvetter.com

**MATRIX**
Absence Management, Inc.

Leave of Absence Business Process for:

# Fincantieri Marine Group

Effective date: 8/1/2009

Leave Implementation Specialist: Karen Joseph

Leave Implementation Specialist (back up): Donna Dinapoli

Implementation Start Date: 05/01/2009

MMC000001



**MMC**

September 13, 2011

Law Offices of Holly Lutz, LLC
6705 County Road U
Wausau, WI 54401-9769

RE: James Hansen's Termination
DOB:4/24/1980

Ms. Lutz

Mr. Hansen has been terminated effective July 22, 2011 in accordance with the Marinette Marine Attendance Policy. We met with Mr. Hansen on May 12, 2011 letting him know that he was at 9.5 occurrences (10 is termination) and his FMLA was pending approval. He was informed that if his FMLA was denied he would exceed the 10 occurrences allowable and his employment would be terminated. Mr. Hansen did not disagree with the 9 ½ occurrences during the meeting. Mr. Hansen's FMLA recertification was denied; therefore his employment was terminated.

If you have any questions or concerns you may contact me at (715) 735-9341 ext. 6131.

Sincerely,

Tamara Hansen

Tamara Hansen
HR Representative
Marinette Marine Corporation

MARINETTE MARINE CORPORATION
Fincantieri Marine Group LLC
1600 Ely Street - Marinette, WI 54143-2434
ph. 715-735-9341 - fax 715-735-4774
www.fincantierimarinegroup.com

a FINCANTIERI company

MMC000152

Jim Hansen           9 Point Meeting     5/12/11         1:20pm

Michelle Hermes, Rodney Klann, Mike Tanguay, Jim Hansen, Kristina Adkins (Notes)

M: Do you know why you're here?

J: No, actually. Maybe points with FMLA pending?

M: Yes, you are at 14 ½ points. Take a look.

J: That should be right. I would be at 9 ½ with 5 days of FMLA pending.

M: Yes, you have 5 days pending from last week and Monday this week. Do you know what is going on with that?

J: The doctor filled out the papers last night.

M: Okay, because you only have so much time to get those in.

J: I have until the 15th, which is Monday, so we are right on track.

M.T.: When would the next point expire?

J: Not until July.

M: Actually June 7th. Then another in July.

J: The problem should go away.

M: I just need you to sign this. If it is denied, that means termination.

J: I called in for every one of them, so everything should be okay on that end.

M: I will go make copies.

J: I will call when I get home to make sure they deal with it.

M: Okay, so you are going to call Matrix and make sure they got it?

J: Yes I will and then I will leave a message with Tami.

M: Is she at Matrix?

J: No, from here. I think she is who I usually leave a message with.

M: Michelle. That is me. You can call me.

J: I will need your extension then.

M: 6188. Ok that's it. Thank you.

MMC000177



**FINCANTIERI**
**MARINE GROUP**

July 08, 2011

James Hansen
918 6th Ave
Menominee, MI 49858

Dear Mr. Hansen:

Matrix Absence Management, Inc. (Matrix) has completed a review of your documentation for your leave for your own health condition. Your leave under federal and/or state leave entitlements has been approved from 05/03/2011 through 12/31/2011 under the following policies:

Because your leave will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period, if leave was taken in the respective 30-day period. Additionally, below is a listing of the absences that you have taken during the last 8 weeks and their designation under federal, state, or employer-authorized policies:

Intermittent 05/06/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 05/09/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 05/23/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 05/31/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 06/01/2011 for 3.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 06/13/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 06/14/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 06/15/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Approved
Intermittent 06/22/2011 for 3.08 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Denied (Exhausted)
Intermittent 06/27/2011 for 8.00 hours: Family and Medical Leave Act - Approved, WI Family Leave (Personal) - Denied (Exhausted)
Intermittent 07/01/2011 for 8.00 hours: Family and Medical Leave Act - Denied (Frequency exceeded), WI Family Leave (Personal) - Denied (Frequency exceeded)

Your certification is valid through 12/31/2011.

If any portion of your leave was denied under the policies listed above, that denial pertains only to the federal and federal and/or state leave portion of your leave and does not affect any other benefits for which you may be eligible, such as disability benefits. If additional information is provided, it will be reviewed by Matrix.

- Your approved time off will be applied against your federal and/or state leave entitlement(s).

- If the leave is for a serious health condition and you need to change the dates of your leave request, you must forward updated information from the Health Care Provider to Matrix (address below) at

MMC000194

least two (2) business days prior to the effective date of the change.

- If the leave is for care of a newborn, adopted child or child placed for foster care, contact Matrix (address below) at least two (2) business days prior to the effective date of the change.

- If the leave is for your own serious health condition you will be required to forward a return-to-work certificate to your Human Resources Representative and Matrix prior to your return to active duty. If such certification is not received, your return to work may be delayed until certification is provided.

- For more detail, please refer to the eligibility letter sent to you previously.

Matrix Absence Management, Inc.
11221 North 28th Drive, Suite E100
Phoenix, AZ 85029
Confidential Fax: 877-788-9736
Phone: 800-866-2301, Ext ension 2204
Email: Yvonne.Rangel@Matrixcos.com

If this is an intermittent leave, you are also required to report your absences to Matrix by calling 800-202-0055. For scheduled appointments, you must inform your supervisor in advance of your absence. If advance notice is not possible, notify your supervisor as soon as possible. Please notify Matrix once the need for intermittent leave is no longer required.

If you return to work within your federal and/or state family leave entitlement period, you will be reinstated to the former or equivalent position, unless Fincantieri Marine Group, LLC is unable to do so for reasons unrelated to the leave.

If you have any questions regarding the leave process or have information to add to your leave request, please contact the Matrix Absence Management, Inc. Leave Coordinator. If you have questions regarding the continuation of your benefits during your leave, please contact Fincantieri Marine Group, LLC's Human Resources Group.

Yvonne Rangel, Absence Management Specialist
Matrix Absence Management, Inc. on behalf of
The Comp and Benefits Group, Fincantieri Marine Group, LLC

Attachment: Absence Report (if applicable for intermittent leave)

MMC000195



Jim Hansen          Term Meeting          7/22/2011          9:05am

Tami Hansen, Rodney Klann, Jim Johnson, Richard Robinson, Kristina Adkins (Notes)

T: Jim do you know why you're up here?

J: Why?

T: Points.

J: Really?

T: Yeah. You had a 9 point meeting in May. You were at 14 points but some of the dates were for FMLA.

J: Yeah, 5 ½ or 5 were.

T: That brought you back down. Then you took more days for FMLA and they were denied.

J: Why?

T: You exceeded your frequency.

J: What is it?

T: You can miss 4 times every 6 months. You are currently at 13 points. Matrix called your doctor and there was no change in your certification. The days remain denied.

J: Really?

T: They called to see if you could miss more than that, but the doctor said no change.

J: Is there any way to reverse any of the dates?

T: Get a hold of Matrix.

J: I'm going to call my doctor and see if maybe they didn't get a hold of him and just went ahead with it.

T: We got confirmation from the doctor at that time. At this time you are terminated. I will take your badge. Do you have anything you need in the yard?

J: Nothing I need. I got a couple lunch things, but they can be thrown away.

R: Did you need to check into anything?

J: No it's legit. I need to talk to my doctor.

R: Do that soon.

J: I thought the rules changed to 60 days a year.

MMC000483

T: Yeah but it depends on what your doctor says. Jim if you could sign I'll get you a copy.

R: There are no times you badged through security or anything?

J: Everything is legit. I appreciate you trying to help. Sometimes it's a blessing in disguise.

T: Alright, do you know you're way out?

J: Yeah. If for some reason I'm not back I wanted to say thank you for all of your help.

T: Thank you.

MMC000484