UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES HANSEN,

        Plaintiff,

v.                                                      Case No. 12-C-32

FINCANTIERI MARINE GROUP, LLC, et al.

        Defendant.

**ORDER**

Following a jury verdict, Plaintiff James Hansen has moved for a new trial. The motion will be denied. Plaintiff first argues that the Defendants were improperly allowed to introduce evidence of his attendance records prior to July 22, 2010. The Defendants used the evidence to question Plaintiff's credibility. Plaintiff argues that under 29 U.S.C. § 2613(c)(1), if an employer doubts an FMLA certification, it may require a second opinion. The Seventh Circuit held, however, that because the Defendant "did not allow him to cure the deficiency before firing him, . . . it could not deny him FMLA leave based on the perceived insufficiency." *Hansen v. Fincantieri Marine Group, LLC,* 763 F.3d 832, 842 (7th Cir. 2014).

The court of appeals did not hold that the employer could not deny leave for *any* reason, but merely that it could not deny leave based on a discrepancy with the certification. Here, the employer was introducing evidence to show that it believed the Plaintiff was not being truthful about the reasons for taking leave and that the leave sought in 2010 followed a longstanding pattern of leave-taking that preceded any medical necessity. It was not relying on the discrepancy as a reason to

deny leave. In essence, the premise of Plaintiff's argument is that there should not have been a trial at all, because the Defendant (having not allowed Plaintiff to cure any discrepancy) waived its right to question the medical need for leave. I discussed this issue in detail in my earlier decision granting the Defendants' motion for summary judgment (ECF No. 59 at 4-5), but apparently Plaintiff elected not to raise it in his appeal. In any event, the case was remanded for the specific purpose of allowing a jury to weigh Hansen's claim that his depression incapacitated him on the dates in question. As I explained in denying Plaintiff's motion in limine, his earlier pattern of absences was something that could have been relevant. (ECF No. 94 at 1-3.)

Second, the Plaintiff asserts that the Defendants improperly argued that the Plaintiff's leave exceeded the frequency of absences predicted in the certification. As this court has repeatedly noted, exceeding an *estimate* is not, in and of itself, grounds for denying leave. Plaintiff has not cited any instance in which the Defendant made an improper argument, however; nor did Plaintiff object to such an argument during the trial. Plaintiff argues that the jury spent two days listening to such improper arguments, but his counsel's failure to object tells a different tale. In an abundance of caution, this court did offer a curative instruction recognizing the potential issue, in an effort to remind the jury that an estimate is "by definition uncertain" and that an employer may not deny leave simply because an employee requests leave in excess of an estimate. (ECF No. 108 at 5.) Plaintiff offers no explanation why any testimony or questioning would have caused a jury to reach the wrong conclusion, particularly in light of the curative instruction.

Finally, the Plaintiff argues that the jury's verdict was inconsistent and establishes that the jury was confused. The jury was presented with three separate questions regarding Plaintiff's absences. It found that the Defendant had interfered with Plaintiff's FMLA leave as to one episode,

but not on the other two.

The verdict is not inconsistent. Fed. R. Civ. P. 49(b)(4) provides that "when the answers are inconsistent with each other," a court must direct the jury to continue deliberating. Here, a jury apparently concluded that the Plaintiff was incapacitated on one day but not on the others. There is nothing inherently "inconsistent" about such a conclusion. Instead, the Plaintiff's argument is premised on the nature of the evidence he proffered, which in his view would have made it unusual for a jury to believe him as to some days but not as to others. Regardless of whether that is true, that does not render the verdict "inconsistent."[1]

For these reasons, the motion for a new trial is **DENIED**.

**SO ORDERED** this 18th day of May, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

[1] Plaintiff also argues the verdict must be thrown out because the jury did not answer the question about damages. His reply brief is silent on the point, however, likely due to the fact that the verdict form instructed the jury to *not* answer that question unless it answered "yes" to all three episodes.

3